UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

ORION HEALTHCORP, INC.,[1]

                                  Debtors,

-------------------------------------------------------------------X

HOWARD M. EHRENBERG, as liquidating Trustee
of the jointly administered bankruptcy estates of Orion
HealthCorp., Inc. and Constellation Healthcare
Technologies, Inc.,

                                  Plaintiff,

          -against-

ALLIED WORLD NATIONAL ASSURANCE CO.,

                                  Defendant.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
MC 23-1468 (GRB)

**FILED
CLERK**

3:18 pm, Mar 21, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge:**

      Defendant Allied World National Assurance Co. ("defendant" or "Allied World") moves

the Court to withdraw the reference to the United States Bankruptcy Court for the Eastern

District of New York (the "Bankruptcy Court") in *Ehrenberg v. Allied World National*

*Assurance Co.*, No. 8-21-08161 (ast), an adversary proceeding filed by Howard M. Ehrenberg

(the "Trustee" or "plaintiff"), as liquidating Trustee of the jointly administered bankruptcy

estates of Orion HealthCorp., Inc. ("Orion"), Constellation Healthcare Technologies, Inc.

("Constellation") and certain of their affiliated entities, pursuant to 28 U.S.C. § 157(d) and Rule

---

[1] The debtors in these Chapter 11 cases are: Orion HealthCorp, Inc.; Constellation Healthcare Technologies, Inc.;
NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; NEMS West Virginia, LLC; Physicians Practice
Plus Holdings, LLC; Physicians Practice Plus, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.;
RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions,
Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Vachette Business Services; Phoenix Health, LLC; MDRX
Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance
Billing & Consulting, LLC; New York Network Management, LLC.

5011 of the Federal Rules of Bankruptcy Procedure.[2]  For the reasons set forth below, the motion to withdraw the reference is denied.

## BACKGROUND

This adversary proceeding is an insurance coverage dispute concerning the availability of coverage under an excess directors' and officers' liability insurance policy issued by Allied World to Constellation.  The following facts and procedural history are derived from the bankruptcy record filed with the motion.

### (1) The Directors' and Officers' Liability Insurance Policies

Over a year prior to filing a voluntary petition under Chapter 11 of the Bankruptcy Code ("Chapter 11"), Constellation took out Directors' and Officers' Liability Insurance with insurer Hiscox Syndicate 33 (the "Primary Policy").  Bankr. DE 37, Ex. A.[3]  Under the Primary Policy, Hiscox agreed to pay the loss on behalf of an "insured person" due to any "wrongful act" for which "claims" were made and reported during the Primary Policy period of January 7, 2017 to January 7, 2018.  *Id*. at §§ 1.1, 5.6.  The Primary Policy defined "insured person" to include "a director or officer."  *Id*.; *see also* Bankr. DE 1 ¶ 49.

Constellation also took out an Excess Directors' & Officers' Liability Insurance Following Form Policy (the "Excess Policy") with insurer Allied World prior to filing for

---

[2] The adversary proceeding is related to the lead bankruptcy proceeding, *In re Orion HealthCorp, Inc.*, No. 18-BK-71748 (ast).  A review of the record in the underlying adversary proceeding, No. 8-21-08161 (ast), indicates that on May 23, 2023, defendant filed an appeal from a Memorandum Decision and Order, dated May 10, 2023, denying defendant's motion to dismiss or stay the claims asserted and to compel arbitration.  Bankr. Docket Entry ("Bankr. DE") 46; *see Allied World National Assurance Co. v. Howard M. Ehrenberg*, CV 23-3849 (GRB).

[3] Docket Entry references to the underlying adversary proceeding at issue, *Ehrenberg v. Allied World National Assurance Co.*, No. 8-21-08161(ast) (Bankr. E.D.N.Y. Dec. 20, 2021), are cited as "Bankr. DE."
  Docket Entry references to the Debtor's main bankruptcy case are cited as "*In re Orion HealthCorp, Inc.,* No. 8-18-71748 (ast), Bankr. DE."

bankruptcy.  Bankr. DE 37, Ex. B.  The Excess Policy contains the following insurance coverage grant:

> The Insurer shall pay the individuals and entities insured under the Primary Policy (also referred to herein as the "Insured") for Loss after exhaustion by payments of all applicable underlying limits by either the Underlying Insurers as specified in Item 4 of the Declarations, the Insureds and/or any insurer under a difference-in-conditions policy written as specifically excess over the Limit of Liability provided by this Policy subject to:
> A.  the terms and conditions of the Primary Policy as in effect the first day of the Policy Period;
> B.  the Limit of Liability as stated in Item 3 of the Declarations and
> C.  the terms and conditions of, and the endorsements attached to, this Policy.

*Id*. at Endorsement No. 4.  The Excess Policy followed form to the Primary Policy adopting the terms and conditions of the Primary Policy subject to certain additional terms and conditions in the Excess Policy.  Bankr. DE 37, Ex. B at 1.

Constellation provided notice to Hiscox and Allied World of "Claims and Circumstances reasonably expected to give rise to Claims against the Insured and Insured Persons under the Policies" by letter dated January 4, 2018.  Bankr. DE 37-3, Ex. C.

**(2) The Debtors' Chapter 11 Plan**

On March 16, 2018, Constellation filed a voluntary petition under Chapter 11, and the Debtors, including Orion, each filed a petition for Chapter 11 protection in the Bankruptcy Court.  *In re Orion HealthCorp, Inc.*, No. 8-18-71748 (ast), Bankr. DE 1.  On March 22, 2018, the Bankruptcy Court granted a motion for joint administration of Orion's bankruptcy proceedings with the bankruptcy proceedings involving Constellation and 19 other entities (collectively "Debtors").  *Id.* at DE 34.  The Debtors filed a Third Amended Joint Plan of Liquidation (the "Plan") and a Third Amended Disclosure Statement for Debtors' Plan pursuant to Chapter 11 on January 6, 2019.  *Id.* at DE 645.  The Bankruptcy Court confirmed the Debtors' Plan on February 26, 2019, and the Trustee succeeded to all rights and claims of the Debtors

pursuant to a confirmed plan of reorganization. *Id.* at DE 701.

**(3) The Underlying Shareholder and Director and Officer Actions**

Following the filing of the Debtors' bankruptcy petitions, various adversary proceedings commenced. On March 29, 2018, Constellation and other debtors commenced an adversary proceeding against certain directors and officers of Constellation and Orion (the "Directors and Officers") seeking to recover actual and constructive fraudulent transfers allegedly distributed to a number of entities prior to the Chapter 11 case. *See Ehrenberg v. Griffiths*, No. 8-18-8048(ast) (Bankr. E.D.N.Y. Mar. 29, 2018) (the "Underlying Shareholder Action")); *see also In re Orion HealthCorp, Inc.,* No. 8-18-71748 (ast), Bankr. DE 59. After the Trustee was appointed, he filed a Second Amended Complaint in the Underlying Shareholder Action on March 12, 2020, naming several of the non-executive directors and officers as defendants. *See id.*; *see also In re Orion HealthCorp, Inc.,* No. 8-18-71748 (ast), Bankr. DE 827.

On March 13, 2020, the Trustee commenced a separate adversary proceeding against Constellation's Directors and Officers, asserting the following causes of action against them: (1) breach of fiduciary duties regarding several challenged acquisitions of entities to inflate the valuation of the company; (2) breach of fiduciary duties resulting from the go-private merger; and (3) negligence. *See Ehrenberg v. Griffiths*, No. 8-20-08046(ast) (Bankr. E.D.N.Y. Mar. 13, 2020) (the "Underlying D&O Action" and together with the Underlying Shareholder Action, the "Underlying Actions"); *see also In re Orion HealthCorp, Inc.,* No. 8-18-71748 (ast), Bankr. DE 825.

**(4) The Directors' and Officers' Claims for Coverage Under the Insurance Policies**

On or before April 23, 2020, certain Directors and Officers tendered a claim to both Hiscox under the Primary Policy and Allied World under the Excess Policy for coverage in the

4

Underlying Actions.  Bankr. DE 1, ¶ 53.  Hiscox accepted coverage under the Primary Policy

and agreed to pay all covered losses under its terms.  *Id.* ¶ 54.  On March 2, 2021, Allied World

denied coverage under the Excess Policy, citing to Endorsement No. 2 of the Policy, which

states:

> This Policy shall not cover any Loss in connection with any claim alleging, arising out of, based upon, or attributable to any wrongful act(s) committed, attempted, or allegedly committed or attempted prior to January 7, 2017.  This Policy shall provide coverage only with respect to wrongful acts occurring on or after January 7, 2017 and prior to the end of the Policy Period and otherwise covered under the terms and conditions of this Policy.

*Id.* ¶ 57.

Notwithstanding Allied World's denial of coverage, the parties in the Underlying Actions

participated in court-ordered mediation sessions on March 3, 2021, April 21, 2021 and June 21,

2021.  *Id.* ¶¶ 55, 58-59.  Allied World participated in the first and last sessions.  *Id.*  As a result

of the mediations, the Trustee, Hiscox and the Directors and Officers entered into a settlement

agreement regarding the Underlying Actions.  *Id.* ¶¶ 64-66, Ex. E.  Allied World is not a party to

the settlement agreement.  *Id.* ¶¶ 62-63.  As part of that settlement, the Directors and Officers

assigned to the Trustee their rights to pursue coverage under the Excess Policy issued by Allied

World to Constellation for the Policy Period of January 7, 2017 to January 7, 2018 (hereinafter

the "Allied World Policy").  *Id*. ¶¶ 65-66; DE 1-3, Ex. C.  The Bankruptcy Court entered an

order approving the Settlement Agreement on December 16, 2021.  *Id*. ¶ 68.

**(5) The Trustee's Adversary Proceeding Against Allied World**

On December 20, 2021, the Trustee, solely as assignee of the Directors' and Officers'

rights under the Allied World Policy, filed the instant adversary proceeding against Allied World

(the "Adversary Proceeding"), alleging principally that the Directors and Officers are entitled to

defense costs and indemnification under the Allied World Policy for the Underlying Actions.

*See Ehrenberg v. Allied World National Assurance Co.*, No. 8-21-08161(ast) (Bankr. E.D.N.Y. Dec. 20, 2021), Bankr. DE 1-4 at 5-6, ¶¶ 1-7.  The Adversary Complaint asserts three causes of action based on the Allied World Policy, to wit, (1) breach of insurance contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief for a judicial declaration that the Policy provides coverage for the underlying actions.  *Id* ¶¶ 70-97.

On February 18, 2022, Allied World filed a motion to dismiss or stay the claims in the Adversary Proceeding and to compel arbitration based on an arbitration provision in the Allied World Policy ("Motion to Dismiss or Compel Arbitration").  Bankr. DE 7.  The Trustee opposed Allied World's motion.  Bankr. DE 15.  In the Joint Report Outlining Discovery Plan Pursuant to Rule 7026(f) of the Federal Rules of Bankruptcy Procedure on March 30, 2022, Allied World asserted discovery should be stayed pending the Bankruptcy Court's decision on Allied World's motion, however, the Trustee disagreed.  Bankr. DE 23.  Allied World agreed to limited discovery pending the Court's decision on the motion.  On November 8, 2022, the Bankruptcy Court held a hearing on the Motion to Dismiss or Compel Arbitration.

The Bankruptcy Court assigned this adversary proceeding to mediation on November 30, 2022.  Bankr. DE 34.  Although the parties participated in a full-day private mediation, the parties did not reach a settlement.  Bankr. DE 43.

By Memorandum Decision and Order dated May 10, 2023, the Bankruptcy Court denied Allied World's Motion to Dismiss or Compel Arbitration.  Bankr. DE 45.  On May 23, 2023, Allied World filed a Notice of Appeal and Statement of Election in the District Court.  Bankr. DE 46.  In addition, on May 31, 2023, Allied World filed its Answer to the Complaint and Affirmative Defenses.  Bankr. DE 57.

On May 31, 2023, Allied World filed the present motion to withdraw the reference to the Bankruptcy Court.  Bankr. DE 58.  Defendant principally argues that the reference should be withdrawn because the Bankruptcy Court lacks statutory authority to finally adjudicate this adversary proceeding given the case involves non-core matters exclusively concerning state contract law.  Bankr. DE 1-2, 8.  Defendant argues, therefore, that it would be a waste of judicial resources to have those claims adjudicated in the Bankruptcy Court.  *Id.*

## DISCUSSION

With certain exceptions not relevant here, district courts have original jurisdiction but not exclusive jurisdiction over civil proceedings "arising under" or "arising in or related to" cases under Title 11 of the Bankruptcy Code.  28 U.S.C. § 1334(b).  "Each district court may provide that any or all cases under [T]itle 11 and any or all proceedings arising under [T]itle 11 or arising in or related to a case under [T]itle 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).  This District has a standing order that automatically refers all proceedings arising under Title 11 to the Bankruptcy Court.  *Eastern District Administrative Order* 264 (1986); *see Thaler v. Parker*, 525 B.R. 582, 584 (E.D.N.Y. 2014).

Nevertheless, the district court retains the authority to withdraw the reference in two circumstances.  *See* 28 U.S.C. § 157(d).  First, Section 157(d) provides for mandatory withdrawal "if the court determines that resolution of the proceeding requires consideration of both [T]itle 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id*.  "The Second Circuit . . . construes this provision narrowly, requiring withdrawal of the reference only if substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding."  *In re Global Aviation Holdings Inc.*, 496 B.R. 284, 286 (E.D.N.Y. 2013) (internal quotation marks and citation

omitted); *see City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991).  Mandatory

withdrawal is neither at issue in nor relevant to the instant motion.  Second, as relevant here,

Section 157(d) provides for permissive withdrawal whereby a "district court may withdraw in

whole or in part, any case or proceeding referred to under this section on its own motion or on

timely motion of any party, for any cause shown."  28 U.S.C. § 157(d).  The moving party bears

the burden of demonstrating "cause."  *Thaler*, 525 B.R. at 585.

      Here, defendant Allied World's motion to withdraw the reference fails under Section 157

because (1) the motion for withdrawal is untimely; and (2) Allied World has not demonstrated

cause to withdraw the reference.

**(1) Timeliness**

      As a preliminary matter, the Court must consider whether **defendant Allied World moved

to withdraw the reference in a timely manner as required by** 28 U.S.C. § 157(d).  Although

Section 157 does not define the word "timely," courts in this Circuit "have defined timely to

mean as soon as possible after the moving party has notice of the grounds for withdrawing the

reference." *Roman Cath. Diocese of Rockville Ctr. v. Certain Underwriters at Lloyds, London &

Certain London Mkt. Companies*, 634 B.R. 226, 233 (S.D.N.Y. 2021); *see In re Northern

Boulevard Automall, LLC*, No. 20-MC-142 (RPK), 2022 WL 5184729, at *2 (E.D.N.Y. Oct. 5,

2022) (collecting cases); *see also In re Joe's Friendly Service & Son Inc.*, No. 17-MC-0190 (JS),

2019 WL 6307468, at *7 (E.D.N.Y. Nov. 25, 2019).  "Delay for tactical reasons, such as forum

shopping, or which prejudices the opposing party or the administration of justice, can be grounds

for denying a withdrawal motion as untimely."  *In re FMI Forwarding Co.*, No. 00-BR-41815

(CB), 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005 (citations omitted); *see In re Northern

Boulevard Automall, LLC*, 2022 WL 5184729, at *2; *see also In re Joe's Friendly Service & Son*

*Inc.*, 2019 WL 6307468, at *7 (observing courts in this Circuit "often deny motions to withdraw the reference as untimely where there is some indication of forum-shopping") (collecting cases).

Applying these principles, Allied World should have filed the motion for withdrawal by the time defendant filed its Motion to Dismiss or Compel Arbitration on February 18, 2022. [4] Bankr. DE 7.  The Trustee served the Adversary Complaint on December 21, 2021, Bankr. DE 3, and from the outset, the Complaint contained three common-law claims.  Thus, Allied World had notice of the grounds for withdrawing the reference upon its receipt of the Adversary Complaint. Defendant was able to file its response to the Adversary Complaint, *viz.* the Motion to Dismiss or Compel Arbitration, within a couple of months.  It would have been "possible" for Allied World to file a motion for withdrawal of the reference at approximately the same time it filed its Motion to Dismiss or Compel Arbitration.  *Roman Cath. Diocese of Rockville Ctr.*, 634 B.R. at 233. However, over fifteen months passed between the date when Allied World filed the Motion to Dismiss or Compel Arbitration and the date when Allied World moved for withdrawal, *compare* Bankr. DE 3 (Feb. 18, 2022) *with* DE 58 (May 31, 2023), during which time Allied World participated in limited discovery, appeared at a motion proceeding, and attended mediation. Allied World's fifteen-month delay in filing the motion to withdraw the reference to the Bankruptcy Court renders the motion untimely.  *See, e.g., In re Joe's Friendly Service & Son Inc.*, 2019 WL 6307468, at *7 (motion to withdraw reference untimely after a delay of nine months) (collecting cases);  *Drew v. WorldCom, Inc.*, No. 06-CV-3407, 2006 WL 2129309, at *3 (S.D.N.Y. July 26, 2006) (motion to withdraw the reference untimely after eight months); *In re FMI Forwarding Co.*, 2005 WL 147298, at *6-7 (motion to withdraw reference untimely after eighteen months after movant became aware of grounds for removal).

---

[4] On January 19, 2022, Allied World filed a Notice of Proposed Stipulation By and Between Plaintiff and Defendant to Extend Time to Plead or Move Pursuant to L.R. 7012-1.  DE 1-4 at 5-6, ¶¶ 1-7.

More troubling, the timing and circumstances of this motion suggest a tactical attempt at forum shopping.  Allied World delayed filing its motion to withdraw the reference until after it received an unfavorable decision from the Bankruptcy Court denying the Motion to Dismiss or Compel Arbitration and requiring defendant to answer the Complaint.  That timing indicates tactical maneuvering and serves as an additional ground for denying the withdrawal motion as untimely.  *See, e.g., In re Joe's Friendly Service & Son Inc.*, 2019 WL 6307468, at *7 (denying motion to withdraw the reference as untimely in circumstances that "indicate forum shopping" where defendant filed the motion "only one month after the Bankruptcy Court issued an adverse ruling on their motion to dismiss"); *In re New York Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993) (denying motion to withdraw the reference in part on timeliness grounds where the motion was made shortly after the bankruptcy court issued an adverse ruling and noting that "[f]orum shopping efforts pursued by awaiting a decision relevant to the merits and then bypassing or filing a motion to transfer should not be rewarded with success").

Accordingly, the motion for withdrawal is denied as untimely.

**(2) Cause**

Even if the motion for withdrawal was timely, the motion would fail because Allied World has not demonstrated "cause" to withdraw the reference as required by 28 U.S.C. § 157(d).

Although Section 157(d) does not itself define "cause," the Second Circuit has identified numerous factors relevant to a determination of cause for withdrawal, including "whether the claim or proceeding is core or non-core,[5] whether it is legal or equitable, and considerations of

---

[5]28 U.S.C. § 157(b) provides that "[p]roceedings arising under [T]itle 11, or arising in a case under [T]itle 11, are deemed core proceedings" over which "bankruptcy courts retain comprehensive power to resolve claims and enter orders or judgments."  *In the Matter of Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016) (internal quotation marks and citations omitted).  "Proceedings 'arising under' the Bankruptcy Code are those that clearly invoke

efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *see In re Murphy*, 482 F. App'x 624, 628 (2d Cir. 2012) (the "*Orion* factors"). In *Orion*, the Second Circuit emphasized that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. Once a district court makes this threshold inquiry, the court should weigh the other *Orion* factors. *Id.*

Since *Orion* was decided, however, the Supreme Court altered this framework by holding that Article III, Section 1 of the United States Constitution places certain limits on Congress's power to assign adjudicatory powers to the bankruptcy court. *Stern v. Marshall*, 564 U.S. 462, 489, 482-87 (2011). Pursuant to this Article, Congress may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." *Id.* (internal quotation marks and citation omitted). In *Stern*, the Supreme Court clarified that "identifying a claim as core or non-core under the bankruptcy law does not necessarily determine whether a bankruptcy court is constitutionally empowered to finally adjudicate the matter." *Ultimate Opportunities, LLC v. The Plan Administrator*, No. 20-CV-4927 (AMD), 2021 WL 4439978, at *6 (E.D.N.Y. Sept. 27, 2021). Instead, the congressional grant of judicial power to Article III courts determines whether a bankruptcy court may issue a final judgment, not the core or non-core statutory designation. *Stern*, 564 U.S at 482-87 (holding

---

substantive rights created by federal bankruptcy law," whereas "[p]roceedings 'arising in' a bankruptcy case are those claims that are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside the bankruptcy." *In re Robert Plan Corp.*, 777 F.3d 594, 596-97 (2d Cir. 2015) (internal quotation marks and citations omitted). A bankruptcy court also has jurisdiction to hear non-core proceedings that are "otherwise related to a case under [the Bankruptcy Code], *id.* (citing 28 U.S.C. § 157(c)(1)), however "the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court, which will finally determine the matter." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 448 (2d Cir. 2005) (citing 28 U.S.C. § 157(c)(1)).

that an Article I bankruptcy court lacked constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim, even though the claim was statutorily designated as core); *see Adelphia Recovery Tr. v. FLP Grp., Inc.*, No. 11-CV-6847 (PAC), 2012 WL 264180, at *2 (S.D.N.Y. Jan. 30, 2012) (discussing *Stern*'s holding that "Congress's delineation of core matters in section 1572(b)(2) overstepped constitutional boundaries . . . when it allowed bankruptcy courts 'to enter final judgment on a state law counterclaim'") (quoting *Stern,* 564 U.S. at 503)); *see also Securities Investor Protection Corp. v. Bernard L. Madoff Investment Secs. LLC,* No. 1:20-cv-4767-MKV, 2023 WL 6122905, at *2 (S.D.N.Y. Sept. 18, 2023) (holding *Stern* made clear that a bankruptcy court's power to issue final judgment does not solely depend on whether a claim is core or non-core, but whether resolution of the claim by the bankruptcy court would improperly involve the exercise of Article III judicial power").

    In light of *Stern*, this Court concludes, as have many courts in this district, that in ascertaining whether the movant has shown cause to withdraw a reference, the first stage inquiry is "whether the bankruptcy court has authority to enter a final judgment," rather than whether the claims are core or non-core, "as it is now on this determination that questions of efficiency and uniformity turn." *McCord v. Government Employees Ins. Co.*, 22-MC-3611 (MKB), 2023 WL 4209542, at *3 (E.D.N.Y. June 27, 2023) (citations omitted); *see In re Northern Boulevard Automall, LLC*, 2022 WL 5184729, at *2 (determining after *Stern*, that because the core or non-core determination is no longer dispositive of whether a bankruptcy court has authority to finally adjudicate a matter, "many courts have treated the first-stage inquiry as whether the bankruptcy courts lack authority to issue final judgment in even some core proceedings") (collecting cases); *Thaler*, 525 B.R. at 585 (finding "after *Stern*, the relevant inquiry under the first prong of the

*Orion* test is not whether a matter is core or non-core, but whether the bankruptcy court has authority to finally adjudicate the matter"); *see also Nisselson v. Salim*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013) (explaining that courts should consider "(1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of  a jury demand").

Applying this framework, Allied World has not shown cause to withdraw the reference. Although the threshold inquiry of whether the Bankruptcy Court has the authority to enter final judgment weighs in favor of withdrawal because the Trustee's common-law claims for breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief all involve private rights that may not be finally adjudicated by the Bankruptcy Court, "this factor is not dispositive of a motion to withdraw a reference." *In re Northeast Indus. Dev. Corp.*, 511 B.R. 51, 53 (S.D.N.Y. 2014) (collecting cases); *see Pryor v. Tromba*, No. 13-CV-676 (JFB), 2014 WL 1355623, at *7 (E.D.N.Y. Apr. 7, 2014).  Given the litigation in this Adversary Proceeding that has already occurred in the Bankruptcy Court, the complexity of the Debtors' underlying bankruptcy proceedings, and the Bankruptcy Court's ongoing experience, the remaining *Orion* factors weigh in favor of maintaining the reference to the Bankruptcy Court.

To be sure, considerations of judicial efficiency, economical use of the parties' resources, uniformity in bankruptcy administration, and expediting the bankruptcy process weigh heavily against withdrawing the reference at this juncture as the Bankruptcy Court has administered the Adversary Proceeding for over two years, overseen discovery, held a motion hearing, and issued a decision on defendant's Motion to Dismiss or Compel Arbitration.  Moreover, the Bankruptcy

Court is more familiar with the facts, circumstances and legal issues surrounding the Debtors'

underlying bankruptcy case and the two adversary proceedings commenced in March 2018 and

March 2020 against the Directors and Officers of Constellation and Orion.  Significantly, the

Trustee settled the underlying actions against the Directors and Officers, and as part of that

settlement, the Directors and Officers assigned to the Trustee their rights to pursue coverage for

the Underlying Actions under the Allied World Policy, the insurance policy at issue in the instant

matter.  *See In re Jacoby & Meyers – Bankruptcy LLP*, No. 15-CV-7144 (RA), 2017 WL

4838388, at *4 (S.D.N.Y. Oct. 25, 2017) ("In light of its involvement in this action to date, the

Bankruptcy Court is familiar with the facts of the case and is well positioned to handle this

adversary proceeding.") (collecting cases); *In re Extended Stay*, 466 B.R. 188, 206 (S.D.N.Y.

2011) (holding "[j]udicial economy would be promoted by allowing the bankruptcy court,

already familiar with the extensive record in this case, to initially adjudicate these cases"); *In re

Lyondell Chem.*, 467 B.R. 712, 723-24 (S.D.N.Y. 2012) (denying a motion to withdraw the

reference where the bankruptcy court had overseen discovery and begun work on several

motions).

        Furthermore, the Bankruptcy Court's expertise in addressing the claims in this matter

would enable it to efficiently manage this case and expedite the process.  This proceeding arises

from Allied World's conduct with respect to the Underlying Actions that were brought,

mediated, and settled as adversary proceedings in the Bankruptcy Court, and thus, the

Bankruptcy Court has extensive knowledge of these proceedings and the main case as a whole.

Even though the Bankruptcy Court does not have the authority to enter final judgment on the

Trustee's common law claims, its experience with the Debtors' insurance policy and in particular

Allied World's denial of coverage for the Underlying Actions would be useful to administer this case in a uniform manner.

Finally, the remaining *Orion* and related factors do not justify a contrary result. As discussed above, concerns related to forum shopping exist in this matter and weigh against a finding of cause. Although the Trustee seeks damages and judicial declarations, it is not clear from the Complaint whether the Trustee has asserted a right to a jury trial.[6] Nevertheless, the Trustee's claims are not yet trial ready, *see In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 215 (S.D.N.Y. 2015) (holding "[p]laintiffs' right to a jury trial, even if coupled with a finding that the Bankruptcy Court cannot enter final judgment, does not compel withdrawing the reference until the case is ready to proceed to trial"), and as explained above, efficiency would be served by having the Bankruptcy Court handle the pre-trial litigation.

In sum, an analysis of the *Orion* factors, as modified by *Stern*, supports the Court's conclusion that Allied World has not demonstrated cause to withdraw the reference.

Accordingly, because Allied World's motion is untimely and because defendant has failed to show cause, the motion to withdraw the reference is denied at this juncture. Thus, the denial is without prejudice to a future motion, if the circumstances warrant.

## CONCLUSION

For the foregoing reasons, Allied World's motion to withdraw the reference is denied without prejudice. The Clerk of the Court is directed to remand the matter to the Bankruptcy Court and to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
          March 21, 2024

---

[6] Although there is not a demand for a jury trial in the Complaint, the Adversary Proceeding Cover Sheet contains a check mark in the box stating, "Check if a jury trial is demanded in the [C]omplaint." Bankr. DE 1-6.

15

_/s/ Gary R. Brown_____
GARY R. BROWN
United States District Judge

16